IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00079-REB-KLM

ETHEL WHITE DJIGMA,

    Plaintiff,

v.

MRS. HILLARY S., Medical Provider,
MRS. LT. LAWRENCE, Intake Officer D.R.C.D., and
MRS. RAE RICE, "Head" of Medical Staff,

    Defendants.
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery** [Docket No. 26; Filed June 5, 2008] ("Motion to Stay"). Defendants filed a Motion to Dismiss and a Motion for Summary Judgment which assert the defenses of sovereign and qualified immunity from Plaintiff's claims in this matter and seek to stay discovery while their immunity defenses are pending before the Court [Docket Nos. 14 &16]. Defendants request a complete stay of discovery while their dispositive motions are pending, and Plaintiff does not oppose the request.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**. Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been

resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with her case against the burden on Defendants of going forward. *Id.* Here, both Plaintiff and Defendants agree that a stay is appropriate while the issues of immunity are being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not prompt a different result. *See String Cheese*, 2006 WL 894955, at *2.

IT IS FURTHER **ORDERED** that discovery is **STAYED for a period of ninety (90) days** from the date of this Order.

Dated: June 6, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge