IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00079-REB-KLM

ETHEL WHITE DJIGMA,

    Plaintiff,

v.

MRS. HILLARY S., Medical Provider,
MRS. LT. LAWRENCE, Intake Officer D.R.C.D., and
MRS. RAE RICE, "Head" of Medical Staff,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion to Dismiss Tort Claims** [Docket No. 14; Filed May 5, 2008] ("Motion to Dismiss"). Plaintiff responded to the Motion to Dismiss and conceded that her tort claims were barred [Docket No. 31]. Defendants did not file a reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motion to Dismiss has been referred to this Court for recommendation. Having considered the pleadings, the Court recommends that the Motion to Dismiss be **GRANTED**.

    While detained at a community corrections facility in Littleton, Colorado, Plaintiff filed a law suit against three Colorado Department of Corrections ("CDOC") officials [Docket No. 3; Filed January 14, 2008]. Claims II and III of Plaintiff's complaint assert state law tort claims against Defendants for their alleged negligent medical care of her foot while she was incarcerated in the CDOC. *Complaint* [#3] at 12-13. At the time of the filing of Plaintiff's complaint, she was proceeding *pro se*, but is now represented by Counsel.

Defendants filed a Motion to Dismiss Claims II and III pursuant to the Colorado Governmental Immunity Act, Colo. Rev. Stat. §§ 24-10-105, -106, -109. Specifically, they assert that Plaintiff's state law tort claims are barred because (1) Plaintiff failed to file a notice of her claims as required by section 24-10-109; and (2) even if notice had been filed, the State of Colorado has not waived governmental immunity for these types of alleged injuries as set forth in sections 24-10-105 & -106. *Motion to Dismiss* [#14] at 2-5. Plaintiff agrees that her state law tort claims are barred by the Colorado Governmental Immunity Act. *Response* [#31] at 1. At the time of the filing of her Response on July 1, 2008, Plaintiff stated the intention to file an amended complaint. *See id.* However, more than two months later, she has not sought leave to do so. On the basis of these pleadings, I agree that Plaintiff's state law tort claims are jurisdictionally barred. *See* Colo. Rev. Stat. §§ 24-10-106(1.5)(a) & -109(1); *Middleton v. Hartman*, 45 P.3d 721, 730-31 (Colo. 2002); *City & County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 765 (Colo. 1992).

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be **GRANTED**, and that Claims II & III be **DISMISSED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 12, 2008

                                            BY THE COURT:

                                             s/ Kristen L. Mix
                                            U.S. Magistrate Judge
                                            Kristen L. Mix